# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CAROLYN CROZIER, individually and on behalf of a class of similarly situated persons,<br>               Plaintiffs,<br>v.<br>AETNA INC., and CVS HEALTH CORPORATION,<br>               Defendants. | **COMPLAINT-CLASS ACTION** |

To THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Carolyn Crozier ("Carolyn Crozier" or "Plaintiff"), individually and on behalf of a class of similarly situated persons, files this Class Action Complaint against the Defendants, Aetna Inc., f/k/a Aetna Services Inc., f/k/a Aetna Life and Casualty Company ("Aetna"), and CVS Health Corporation ("CVS") and asserts the following:

## INTRODUCTION

1. This class action seeks to require Aetna to pay benefits due from its Aetna Services Inc., Incentive Savings Plan ("ISP") to Carolyn Crozier and other similarly situated class members.

## PARTIES

2. Plaintiff, Carolyn Crozier is a resident and citizen of Mecklenburg County, North Carolina, residing at 8300 Sardiscroft Road, Charlotte, North Carolina 28270, where she lived with her husband, Thomas J. Crozier, Jr., until he died in 2021.

Page | 1

3. Defendant Aetna Inc. is a Pennsylvania corporation with its principal business address at 151 Farmington Avenue, Hartford, CT 06156. Upon information and belief, Aetna Inc. was formerly known as Aetna Services, Inc., which was formerly known as Aetna Life and Casualty Company. Upon information and belief, in 2018, Aetna Inc. merged with CVS and is now a wholly-owned subsidiary of CVS Health Corporation. Upon information and belief, at the time of the merger, Aetna Inc. had over 47,000 employees.

4. CVS Health Corporation is a Delaware corporation with its principal business address at 1 CVS Drive, Woonsocket, Rhode Island 02895. Upon information and belief, CVS is the parent company of Aetna Inc. (collectively the "Defendants").

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. Specifically, this action is brought under ERISA 29 U.S.C. § 1132(e)(1).

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. This case is properly maintainable as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure in that the class, which includes an unknown number of persons but certainly more than 100, is so numerous that joinder of all members is impractical, there are substantial questions of law and fact common to the class, and this case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

(a) questions of law and fact enumerated below, which are all common of the class, predominate over any questions of law or fact affecting only individual Members of the class;

(b) a class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

(c) the relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

(d) there are no unusual difficulties foreseen in the management of this class action.

8. At all relevant times, the Defendants conducted substantial business in this District.

9. The Court has personal jurisdiction over Aetna and CVS, as both Defendants have at least minimum contacts with the State of North Carolina and have availed themselves of the laws of North Carolina.

10. Venue in the United States District Court for the Western District of North Carolina is proper because both Defendants conduct business within this District and a substantial part of the events giving rise to the claims at issue in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff's husband, Thomas J. Crozier, Jr., ("Thomas Crozier") was employed by Aetna Life and Casualty Company from 1960 to 2000, when he retired.

12. While employed with Aetna, Mr. Crozier participated and contributed to Aetna's Employee Incentive Savings Plan ("ISP") and designated Plaintiff, Carolyn Crozier, as his beneficiary.

13. On September 14, 2021, Thomas J. Crozier, Jr., passed away at the couple's home at 8300 Sardiscroft Road, Charlotte, North Carolina. Subsequently, Carolyn Crozier sent Aetna written notice of Mr. Crozier's death. Since receiving the notice, Aetna has paid Thomas Crozier's pension payments to his wife and beneficiary, Carolyn Crozier.

14. On December 8, 2021, Carolyn Crozier was appointed executor of her late husband's estate by the Mecklenburg County, North Carolina Clerk of Superior Court.

15. Subsequently, in 2022, Carolyn Crozier received notice from the United States Social Security Administration that an Incentive Savings Plan account administered by Aetna Services, Inc., had been reported to Social Security in the amount of $327,202.00 and that she "may be entitled to retirement or survivor benefits."

16. In response, Plaintiff, Carolyn Crozier, made substantial efforts to contact Aetna to request the account funds as the account beneficiary. Since receiving the notice from Social Security, Carolyn Crozier has repeatedly called Aetna to inquire about the benefits and to request the benefits be paid to her.

17. During each of these calls, Carolyn Crozier was informed the employee or the employee's department could not process her request for payment of benefits from the ISP. Mrs. Crozier has been directed by employees of Aetna and CVS to call different phone numbers and to inquire with different departments within Aetna and CVS, only to be referred to other departments and other phone numbers to no avail.

18. Despite receiving notice of a specific amount held under Aetna's ISP under her husband's name and despite providing Aetna notice of the death of her husband, Aetna has not paid Carolyn Crozier the funds to which she is entitled or communicated with her

about the account.

19. Upon information and belief, due to Aetna's sale of assets to numerous different entities and merger with CVS Health Corporation, the Defendants have refused or failed to establish any procedure or process for payment of ISP benefits to former employees or beneficiaries of former employees.

20. Upon information and belief, many former Aetna employees and beneficiaries of former Aetna employees have not been paid benefits due under the Aetna Services Inc., Incentive Savings Plan.

## CLASS ALLEGATIONS

### A. Class Definition

21. Plaintiff brings this action against Aetna and CVS pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of herself and all other persons similarly situated. Plaintiff seeks to represent the following "class":

> All Aetna former employees and beneficiaries of former Aetna employees who are owed benefits under the Aetna Services Inc., Incentive Savings Plan.

22. Excluded from the class are the assigned Judge, the Judge's staff and family, and current employees of Aetna and CVS.

23. Plaintiff reserves the right to modify or amend the definition(s) of the proposed class before the Court determines whether certification is appropriate.

### B. Numerosity

24. Members of the proposed class are so numerous that joinder of all class members would be impracticable. The individual class members are ascertainable, as the

names and addresses of all class members can be identified from the business records maintained by Aetna and/or CVS.

25. The precise number of class members is at least in the hundreds if not thousands and can only be obtained through discovery, but the numbers are more than can be consolidated in one complaint such that it would be impractical for each member to bring suit individually. The Plaintiff does not anticipate any difficulties in the management of the action as a class action.

**C.  Commonality**

26. There are questions of law and fact that are common to Plaintiff and class members' claims. These common questions predominate over any questions that apply particularly to any individual member of the class. Among such common questions of law and fact are the following:

(a) Whether Aetna or CVS continues to hold funds of former Aetna employees who contributed to the ISP and/or funds of beneficiaries of former employees who contributed to the ISP;

(b) Whether a contract, actual or implied, exists between Aetna or CVS and Aetna employees who contributed to the ISP and/or beneficiaries of former employees who contributed to the ISP;

(c) Whether Aetna has complied with all requirements of ERISA, including to provide notices;

(d) Whether Aetna has breached the terms of the ISP by failing or refusing to pay benefits to former Aetna employees who contributed to the ISP and/or to

beneficiaries of former employees who contributed to the ISP;

(e) What legal duties are imposed by the ISP upon Aetna and CVS to notify former Aetna employees and/or beneficiaries of former Aetna employees of their rights to receive payment of funds contributed to the ISP; and

(f) Whether Aetna or CVS received any benefit, profited, and was unjustly enriched by holding and retaining funds belonging to former Aetna employees who contributed to the ISP and/or beneficiaries of former employees who contributed to the ISP.

### D. Typicality

27. Plaintiff is a member of the class she seeks to represent. Plaintiff's claims are typical of the respective class members. Her interest in obtaining the benefits due under Aetna's ISP is identical to those of other unnamed members of the class. Each class member has sustained and will continue to sustain damages in the same manner as Plaintiff, as a direct and proximate result of the Defendants' failure or refusal to pay benefits due under the Aetna Services, Inc., Incentive Savings Plan (ISP).

### E. Adequacy of Representation

28. Plaintiff has no interest adverse to the interest of other class members she seeks to represent. Plaintiff is an adequate representative of the class she seeks to represent and will fairly and adequately protect the interests of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent her. Plaintiff anticipates no difficulty in the management of this litigation as a Class action.

29. Plaintiff has chosen the undersigned counsel who is experienced and competent in the prosecution of class actions and complex litigation and has extensive experience necessary to prosecute this case as well as adequate resources to prosecute this case.

**F.     Requirements of Fed. R. Civ. P. 23(b)(3)**

30. The questions of law or fact common to Plaintiff and each class member's claims predominate over any questions of law or fact affecting only individual members of the class. All claims by Plaintiff and the unnamed class members are based on the same terms of the Aetna Services Inc., Incentive Savings Plan and on grounds of equity.

31. Common issues predominate when, as here, liability can be determined on a class-wide basis, even if there will be some individualized damage determinations.

32. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the class as is the case here, common questions will be held to predominate over individual questions.

**G.     Superiority**

33. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

(a) Joinder of all class members would create extreme hardship and inconvenience for the affected class members as they reside all across the states;

(b) Individual claims by class members are impractical because the costs to pursue individual claims may exceed the value of what any one class member has at stake. As a result, individual class members may have no interest in prosecuting

and controlling separate actions;

(c) There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

(d) The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

(e) Individual suits would not be cost-effective or economically maintainable as individual actions; and

(f) The action is manageable as a class action.

## H. Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

34. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

35. The Defendants have acted or failed to act in a manner applicable to the entirety of the class, thereby making a final judgment for injunction or declaratory relief appropriate for the class as a whole.

## COUNT I
### ERISA – 29 U.S.C. § 1132(a)(1)(B)
*(Plaintiff and Class)*

36. Plaintiff, on behalf of herself and the class members, re-alleges and incorporates herein by reference the allegations in paragraphs 1-35 above as if set forth fully herein and further alleges:

37. Plaintiff and the class rightfully may pursue their claims against the

Defendants to enforce their rights to payment of benefits under 29 U.S.C. § 1132(a)(1).

38. Plaintiff Carolyn Crozier is a valid third-party beneficiary under the ISP, and therefore, a valid contract exists between the Plaintiff and the Defendants.

39. Plaintiff Carolyn Crozier provided the required notice of her husband's death to the Defendants.

40. The Defendants have breached the ISP by failing or refusing to pay Carolyn Crozier the benefits held in her late husband's ISP account.

41. Upon information and belief, the Defendants have received valid notices from other class members requiring payment of ISP benefits to former employees and beneficiaries of former employees.

42. Regardless of wheather any member of the class has provided notice or requested benefits, Plaintiff and all similarly situated class members are owed benefits under the ISP and have been damaged by the Defendants' failure or refusal to pay benefits held in ISP accounts.

43. Plaintiff and all similarly situated class members have also sustained damages due to the lack of any procedure or appropriate procedure for requesting benefits to be paid under the ISP and non-payment of benefits under the ISP.

## COUNT II
**ERISA – 29 U.S.C. § 1132(a)(3)**
*(Plaintiff and Class)*

44. Plaintiff, on behalf of herself and the class members, re-alleges and incorporates herein by reference the allegations in paragraphs 1-43 above of this Complaint as if set forth fully herein and further alleges:

45. The Plaintiff and the class may rightfully pursue their claims against the Defendants for declaratory or injunctive relief under 29 U.S.C. § 1132(a)(3).

46. As detailed in this Complaint, the Defendants have violated the terms of the ISP by refusing to pay benefits when due, as well as refusing to maintain a basic process or procedure for Plaintiff and the class to make a claim for benefits under the ISP.

47. As detailed in this Complaint, the Defendants have violated the terms of the ISP by failing to maintain a procedure to provide required notices under 29 U.S. Code § 1104 for ISP participants and their beneficiaries.

48. Plaintiff and the class are entitled to a judgment declaring the Defendants have not complied with rules under ERISA, including but not limited to providing notices under the ISP as well as refusing to maintain a basic process or procedure for Plaintiff and the class to make a claim for benefits under the ISP.

## COUNT III
## UNJUST ENRICHMENT
*(Plaintiff and Class)*

49. Plaintiff, on behalf of herself and the class members, re-alleges and incorporates herein by reference the allegations in paragraphs 1-48 above of this Complaint as if set forth fully herein and further alleges:

50. Upon information and belief, the Defendants are and have been in possession of funds that rightly belong to the Plaintiff and the class.

51. As a result, Plaintiff and class members have conferred a benefit on the Defendants.

52. The Defendants have knowledge of this benefit as evidenced by the fact the

funds have been reported to the United States Social Security Administration.

53. The Defendants will be unjustly enriched if it is allowed to retain the funds owed to the Plaintiff and the class. As a result, the Plaintiff and each class member is entitled to recover the amount by which the Defendants have been unjustly enriched at his or her expense.

## COUNT IV
## CONSTRUCTIVE TRUST
*(Plaintiff and Class)*

54. Plaintiff, on behalf of herself and the class members, re-alleges and incorporates herein by reference the allegations in paragraphs 1-53 above of this Complaint as if set forth fully herein and further alleges:

55. The Plaintiff and the class are former employees or beneficiaries of former employees who contributed to the ISP on the promise it would one day be paid back to them

56. The Defendants are in possession of funds that rightfully belong to the Plaintiff and class and it is inequitable and unjust for the Defendants to remain in possession of those funds. Accordingly, the Plaintiff and the class are entitled to the imposition of a constructive trust on all ISP funds owed to them.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated individuals, requests judgment against the Defendants as follows:

1. Declaring this action to be a proper class action maintainable pursuant to Federal Rules of Civil Procedure 23(a) and Rule 23(b)(1) and (2), or Rule 23(b)(3) and

declaring Plaintiff and her counsel to be adequate representatives of the class;

2. Awarding damages sustained by Plaintiff and the class as a result of Defendants' refusal to pay benefits due under the ISP;

3. Imposition of a Constructive Trust on any amounts by which either Defendant has been unjustly enriched at the expense of the Plaintiff and class resulting from non-payments for benefits due from the ISP;

4. Finding that the Defendants have been unjustly enriched and requiring them to pay all unjustly held benefits to Plaintiff and the class, together with pre-judgment interest;

5. An Order requiring the Defendants to implement a policy and procedure for providing ISP participants with required ERISA notices:

6. An Order requiring the Defendants to implement a policy of locating participants who have not applied for benefits after becoming eligible to receive benefits;

7. An Order requiring the Defendants to distribute the benefits from the Plan that Plaintiffs would have received had they been contacted and applied for benefits when they first became eligible to receive such benefits, with interest;

8. Awarding Plaintiff and the class members the costs of this action, including expert fees and litigation expenses and reasonable attorneys for class counsel; and

9. Awarding such other and further relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and the class request a jury trial for all issues for which a trial by jury is permitted by law.

October 18, 2024          /s/ Aaron C. Hemmings
Aaron C. Hemmings, NC Bar No.: 29810
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
Fax: (919) 277-0162
Email: ahemmings@hemmingsandstevens.com

*Attorney for Plaintiff and the Putative Class*